UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EYDA PERRY WEST, Individually and on Behalf
of All Other Persons Similarly Situated,

              Plaintiff,

      v.

HIGHGATE HOTELS, L.P., and RLJ III – DBT
METROPLITAN MANHATTAN LESSEE, LLC,
Jointly and Severally,

              Defendants.
------------------------------------------------------------X

ECF CASE

Index. No.:

CLASS AND COLLECTIVE ACTION
COMPLAINT

JURY TRIAL DEMANDED

RECEIVED
SEP 28 2012
U.S.D.C. S.D. N.Y.
CASHIERS

## NATURE OF THE ACTION

1.    Plaintiff Eyda Perry West ("West" or "Plaintiff") alleges on behalf of herself and other similarly situated current and former employees of the Defendants Highgate Hotels, L.P. ("Highgate Hotels") and RLJ III – DBT Metropolitan Manhattan Lessee, LLC ("RLJ III") (collectively "Defendants") and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are entitled to (i) unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) liquidated damages under the FLSA, 29 U.S.C. §§201 *et seq.*

2.    Plaintiff West further complains on behalf of herself, and a class of other similarly situated current and former employees of the Defendants, under Fed. R. Civ. P. 23, that they are entitled to (i) back wages from Defendants for overtime work for which they did not receive overtime premium pay as required by the New York Labor Law ("NYLL") §§ 650 *et seq.*, including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the

Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the NYLL), and (ii) liquidated damages under the NYLL, as amended by the Wage Theft Prevention Act.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff West's state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff West's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this district under 28 U.S.C. §1391.

5. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6. Plaintiff West was, at all relevant times, an adult individual, residing in Queens Village, New York, New York County.

7. Upon information and belief, Defendant Highgate Hotels is a foreign-based limited partnership that is organized and existing under the laws of the State of Delaware, which is authorized to do business in the State of New York with a principal place of business at 569 Lexington Avenue, New York, New York 10022.

8. Upon information and belief, Defendant RLJ III is a foreign-based limited liability company that is organized and existing under the laws of the State of Delaware, which is authorized to do business in the State of New York with a principal place of business at 569 Lexington Avenue, New York, New York 10022.

9. Upon information and belief, Defendant Highgate Hotels is an enterprise engaged in commerce or in the production of goods for commerce. Defendant Highgate Hotels is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, each Defendant's annual gross volume of business is at least $500,000.00.

10. Upon information and belief, Defendant RLJ III is an enterprise engaged in commerce or in the production of goods for commerce. Defendant RLJ III is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, each Defendant's annual gross volume of business is at least $500,000.00.

11. Each Defendant, either directly or indirectly, has hired and fired Plaintiff West and other employees, controlled their work schedules and conditions of employment, determined the rate and method of their payment, and kept at least some records regarding their employment.

## COLLECTIVE ACTION ALLEGATIONS

12. Pursuant to 29 U.S.C. §207, Plaintiff West seeks to prosecute her FLSA claims as a collective action on behalf of all persons Defendants are employing or have employed who hold or held the title of "Manager" at any time since September 25, 2006 (the statute of limitations is extended under equitable tolling) to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at rates not less

3

than one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) per workweek (the "Collective Action Members").

13. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, approximately forty (40) Collective Action Members exist during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

14. Plaintiff West will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff West has no interest that is contrary to or in conflict with the Collective Action Members.

15. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. No difficulty exists in the management of this action as a collective action.

16. Questions of law and fact common to the Collective Action Members predominate over questions that may affect only individual members because Defendants

4

have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a.    whether the Defendants employed the Collective Action Members within the meaning of the FLSA;

    b.    whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff West and the Collective Action Members;

    c.    what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d.    whether Defendants misclassified the Collective Action Members as independent contractors;

    e.    whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiff and the Collective Action Members are employed, violating C.F.R. § 516.4;

    f.    whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty (40) hours per workweek, violating the FLSA and the regulations promulgated thereunder;

    g.    whether Defendants misclassified the Collective Action Members as exempt from overtime;

    h.    whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

    i.    whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees;

    j.    whether Defendants should be enjoined from such violations of the FLSA in the future; and

    k.    whether the statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

## CLASS ACTION ALLEGATIONS

17.    Plaintiff West sues on her own behalf and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

18.    Plaintiff West brings her NYLL claims on behalf of all persons who Defendants are employing and have employed who hold or held the tile of "Manager" at any time since September 25, 2006, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the NYLL and who have not been paid overtime wages, violating the NYLL (the "Rule 23 Class Members").

19.    The Rule 23 Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, approximately forty (40) Rule 23 Class Members exist during the Class Period.

20.    Plaintiff West's claims are typical of the claims of the Rule 23 Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where

individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

21. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

22. Plaintiff West is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

23. Plaintiff West has the same interest in this matter as all other members of the class and Plaintiff West's claims are typical of the Rule 23 Class.

24. Questions of law and fact common to the Rule 23 Class exist that predominate over any questions solely affecting the individual Rule 23 Class Members, including but not limited to:

   a. whether the Defendants employed Plaintiff and the Rule 23 Class Members within the meaning of the NYLL;

   b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff West and Rule 23 Class Members;

   c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

   d. whether Defendants failed and/or refused to pay Plaintiff West and the Rule 23 Class Members premium pay for hours worked in excess of forty (40) hours per workweek within the meaning of the NYLL;

e. whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided under the NYLL in any area where Plaintiff West and the Rule 23 Class Members are employed;

f. whether Defendants misclassified Plaintiff West and the Rule 23 Class Members as exempt from overtime;

g. whether Defendants failed and/or refused to reimburse members of the Rule 23 Class for their work-related expenses and made unlawful deductions from their wages, violating the NYLL;

h. whether Defendants are liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

i. whether the Defendants should be enjoined from such violations of the NYLL in the future.

## STATEMENT OF FACTS

25. At all relevant times, upon information and belief, Defendants are a hospitality management firm that owns and/or manages hotels throughout the United States and has brand affiliations with Hilton, Starwood, Intercontinental, Hyatt, Wyndham and Marriott, and Defendants also operate independent and boutique hotels.

26. Upon information and belief, Defendants own and manage approximately seventy-two (72) hotels in the New York City area, including the Doubletree Hotel located at 569 Lexington Avenue, New York, New York ("Doubletree Hotel") and the Crowne Plaza Hotel JFK Airport located at 151-20 Baisley Boulevard Jamaica, New York ("Crowne Plaza").

27. Defendants employed Plaintiff West as Housekeeping Manager at the DoubleTree Hotel from June 22, 2011 until August 9, 2012 and as a Room Attendant at the Crowne Plaza from 2003 to 2007.

28. Plaintiff West's primary duties and, upon information and belief, the primary duties of the Rule 23 Class and Collective Action Members involved inspecting the rooms to confirm whether the room attendant properly cleaned them; address any customers' complaints or needs regarding housekeeping services; communicate to the room attendants any particular concerns for the day; if a room attendant who is scheduled to work is sick that day, to call her supervisor and await approval to call a replacement; and to provide the Manager who is working the next shift a report specifying the physical state of the rooms.

29. As a Manager, Plaintiff West and, upon information and belief, the Rule 23 Class and Collective Action Members do not have the authority to hire or fire employees, to approve overtime, to complete performance evaluations, to interview prospective employees or to suspend employees.

30. As a Manager, Plaintiff West and, upon information and belief, the Rule 23 Class and Collective Action Members report to the Executive Housekeeping Manager.

31. As a Manager, Plaintiff West and, upon information and belief, the Rule 23 Class and Collective Action Members are frequently under constant, direct supervision.

32. The work performed by Plaintiff West and the Rule 23 Class and Collective Action Members required little skill and no capital investment, and their duties

9

did not include managerial responsibilities or the exercise of discretion or independent judgment.

33. Plaintiff West and, upon information and belief, the Rule 23 Class and Collective Action Members were an hourly rate.

34. Plaintiff West's hourly rate was $21.85.

35. Defendants provided Plaintiff West a Notice and Acknowledgement of Pay Rate and Pay Day pursuant to Section 195 of the New York Labor Law that specified she was paid a salary for her hours up to (40) hours per workweek and overtime premium pay.

36. Plaintiff West's normal work schedule was an eleven (11) hour shift, from 2:00 p.m. to 1:00 a.m., and she worked four (4) or five (5) days per workweek, working more than forty (40) hours per workweek.

37. Plaintiff West and, upon information and belief, the Rule 23 Class and Collective Action Members regularly worked forty (40) or more hours per workweek.

38. Plaintiff West and, upon information and belief, the Rule 23 Class and Collective Action Members did not clock in or clock out.

39. Plaintiff West and, upon information and belief, the Rule 23 Class and Collective Action Members often had to stay beyond the end of their work shift to complete necessary paperwork.

40. Despite working more than forty (40) hours per workweek, the pay statements for Plaintiff West and, upon information and belief, the Rule 23 Class and Collective Action Members showed only forty (40) hours.

41. Upon information and belief, Defendants' payroll practice was designed to avoid informing Plaintiff West and the Rule 23 Class and Collective Action Members that they had worked more than forty (40) hours per workweek and thereby entitled to overtime premium pay.

42. Defendants did not pay Plaintiff West and, upon information and belief, the Rule 23 Class and Collective Action Members premium pay of one and one-half (1 ½) times their regular rate of pay for any hours they worked in excess of forty (40) ("overtime").

43. At any one time, Defendants employ at least six (6) Housekeeping Managers.

44. Defendants did not pay Plaintiff West and, upon information and belief, the Rule 23 Class and Collective Action Members weekly; they were paid bi-weekly (every two weeks).

45. Throughout the Class and Collective Action Period, upon information and belief, Defendants failed to maintain accurate and sufficient time records.

46. While working at the Crowne Plaza, the Director of Housekeeping informed Plaintiff West that she was not getting paid overtime premium pay.

## FIRST CAUSE OF ACTION

### FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
(Brought on Behalf of Plaintiff West and the Collective Action Members)

47. Plaintiff West repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

11

48. At all relevant times, Defendants have been and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

49. At all relevant times, Defendants employed, and/or continue to employ, Plaintiff West and the Collective Action Members within the meaning of the FLSA.

50. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

51. Plaintiff West consents in writing to be a party to this action under 29 U.S.C. §216(b). Plaintiff West's written consent is attached hereto and incorporated by reference.

52. Defendants were required to pay Plaintiff West and the Collective Action Members no less than one and one-half (1 ½) times the regular rate at which Plaintiff West was employed for all hours worked in excess of forty (40) hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

53. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for their hours worked in excess of forty (40) hours per workweek.

54. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay the Collective Action Members overtime wages.

55. As a result of Defendants' failure to record, report, credit, and/or compensate Plaintiff West and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to

determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

56. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies under 29 U.S.C. § 255 and should be equitably tolled for a six-year statute of limitations.

57. As a result of Defendants' violations of the FLSA, Plaintiff West and the Collective Action Members have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### NEW YORK LABOR LAW – UNPAID OVERTIME
(Brought on Behalf of Plaintiff West and the Rule 23 Class)

58. Plaintiff West repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

59. Defendants are employers within the meaning of NYLL §§ 190, 196-d, 651(5), 652 and supporting New York Statement Department of Labor Regulations and employed Plaintiff West and the Rule 23 Class Members.

60. Under the NYLL and supporting New York Statement Department of Labor Regulations, Defendants were required to pay Plaintiff West and the Rule 23 Class one and one-half (1 ½) times their regular rate of pay for all hours they worked in excess of forty (40).

61. Defendants failed to pay the Rule 23 Class the overtime wages to which they were entitled under the NYLL.

13

62. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay the Rule 23 Class the correct amount of overtime wages.

63. Due to Defendants' violations of the NYLL, Plaintiff West and the Rule 23 Class are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff West, on behalf of herself and the Rule 23 Class and Collective Action Members, respectfully requests that this Court grant the following relief:

a. Certification of this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Rule 23 Class Members and appointing Plaintiff West and her counsel to represent the Rule 23 Class;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiff West and her counsel to represent the Collective Action Members and tolling of the statute of limitations;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

d. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with

them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award of unpaid overtime compensation under the FLSA and NYLL, and for reimbursement for business-related expenses and for unlawful deductions under the NYLL;

f. An award for failing to provide the required wage notice under the NYLL;

g. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation under 29 U.S.C. § 216;

h. Equitably tolling the statute of limitations under the FLSA;

i. An award of front back, back pay, punitive damages and interest for Plaintiff West's individual claims;

j. An award of prejudgment and post-judgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff West demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
       September 25, 2012

                BRONSON LIPSKY LLP

                By_____
                Douglas Lipsky (DL-9372)
                630 Third Avenue, Fifth Floor
                New York, New York 10017-6705
                Phone: 212.392.4772
                Fax: 212.444.1030
                dl@bronsonlipsky.com

                Jeffrey M. Gottlieb (JG-7905)
                nyjg@aol.com
                Dana L. Gottlieb (DG-6151)
                danalgottlieb@aol.com
                GOTTLIEB & ASSOCIATES
                150 East 18th Street, Suite PHR
                New York, New York 10003
                Phone: 212.228.9795
                Fax: 212.982.6284

                *Attorneys for Plaintiff West and the*
                *Putative Class Members*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of _Hersha Hotels L.P._ to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____  8/21/12  Eyda West_____
Signature                  Date    Print Name